United States District Court
Southern District of Texas
**ENTERED**
June 24, 2021
Nathan Ochsner, Clerk

United States District Court   Southern District of Texas

| | | |
|---|---|---|
| Raymond E. Carr, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-19-3428 |
| | § | |
| Andrew Saul, | § | |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that Raymond E. Carr is not disabled under the terms of the Social Security Act. It does.

Carr brought this action for judicial review of the commissioner's final decision denying his claim of supplemental security income. 42 U.S.C. §§ 405(g), 416(i) and 423. Andrew Saul has moved for summary judgment.

2. *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau

employed an essentially fair process, invalidating not those decisions with which the court might disagree, but those decisions where governmental regularity has lapsed into an exercise of mere will.

A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the commisioner. *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3. *The Statutory Criteria.*

The statutory social security regulations prescribe a five-step process to evaluate whether an individual is disabled. First, the reviewing officer must determine whether the claimant was participating in substantially gainful activity. Second, the claimant must have a medically determinable impairment that is severe or a combination of impairments that are severe. Third, the severity of the claimant's impairments must equal the criteria of an impairment listed in 20 CFR. Paragraph B of this section stipulates that mental impairments must result in at least one extreme or two marked limitations in broad areas of functioning which are: (a) understanding, remembering, or applying information; (b) interacting with others; (c) concentrating, persisting, or maintaining pace; and (d) adapting or managing themselves. Fourth, the reviewing officer determines the claimant's residual functional capacity to perform requirements of her past relevant work. Fifth, the claimant's ability to do other work must be evaluated based on her residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4).

4. *Background.*

On October 18, 2017, Carr applied for supplemental security income, claiming mental health problems. His claim was denied on March 1, 2018, and

denied upon reconsideration on April 26, 2018. On May 8, 2018, Carr filed a written request for a hearing. After the hearing on October 17, 2018, an officer denied Carr disability benefits.

5.   *Application.*

The officer adhered to a five-step process and properly found that Carr is not disabled.

   A.   *Step One.*

Carr has not engaged in substantial gainful activity since October 18, 2017, the application date.

   B.   *Step Two.*

The officer identified schizoaffective, major depressive, post-traumatic stress, and anxiety disorders as severe impairments. Carr was diagnosed with polysubstance dependence, an addiction to a combination of three or more substances, but the officer found that this impairment did not severely affect Carr's ability to work. It did not require aggressive treatment or any degree of treatment for 12 consecutive months.

Carr gave testimony about his conditions from third-party sources, but they cannot be considered disinterested parties. The accuracy of these reports and the medical training of these sources is questionable.

   C.   *Step Three.*

Carr does not have an impairment or combination of impairments that meet the severity of a listed impairment under 20 CFR. Substantial evidence in the record supports the determination that Carr's schizoaffective, major depressive, post-traumatic stress, and anxiety disorders cause no more than a moderate limitation in his ability to work.

Carr says that he has difficulty following instructions and completing tasks, but he can provide his health information to his doctors and follow their instructions. There is no evidence that Carr has issues with his memory.

Although Carr insists that he has difficulty socializing, dealing with authority, and spending time in crowds, he is able to take public transportation and has a good rapport with his healthcare providers during his appointments.

Carr can watch television and handle his own medical care despite claiming that he has difficulty concentrating.

He also says that he has difficulty handling change and managing his mood, but he has had no problems maintaining personal hygiene or controlling his temper.

D.   *Step Four.*

The officer found that Carr has a residual functioning capacity to perform a full range of work at all exertional levels but has some non-exertional limitations: he can never climb ladders or work from unprotected heights; his work must consist of simple repetition of one to three-step tasks; he must have no more than occasional interactions with supervisors, co-workers, and the public; and the work-pace should be voluntary with no more than occasional changes in work setting.

Carr's treating psychiatrist, Thomas Blocker, M.D., opined that Carr would be limited to simple tasks. The officer found that Dr. Blocker's opinion was persuasive and consistent with the medical record.

The officer found that Carr's medically determinable impairments would reasonably explain his symptoms, but the intensity, persistence, and limiting effects of these symptoms are inconsistent with the evidence.

E.   *Step Five.*

The vocational expert testified that Carr had no past relevant work but could work in positions consistent with his non-exertional limitations. Taking into account Carr's residual functioning capacity, the vocational expert said that Carr could work as a dishwasher.

6.   *Conclusion.*

The commissioner's decision denying Raymond E. Carr's claim for supplemental security income is supported by substantial evidence and will be affirmed. Raymond E. Carr will take nothing from Andrew Saul.

Signed on June 24, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge